[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGEMENT #137 — MOTION TO STRIKE #162
The plaintiffs, Josephine Grant, Administratrix of the Estate of Arthur Grant, Jr., and Christine Grant, daughter of Arthur Grant, Jr., filed a twelve count complaint against eleven defendants, seeking damages for the alleged wrongful death of said decedent, Arthur Grant, Jr. The first eleven counts allege wrongful death and ante mortem pain and suffering against each of CT Page 12048 the defendants. In count twelve, Christine Grant asserts a claim for loss of consortium, by virtue of the injuries to and the death of her father, Arthur Grant, Jr.
On October 27, 1995, three of the defendants, Associates in Internal Medicine, Joseph Brenes and Camille Raad, filed a motion to strike count twelve of the complaint on the ground that Connecticut law does not recognize claims for a child's loss of consortium regarding a parent. On June 7, 1996, the court, L. PaulSullivan, J., granted that motion, holding that "[t]here is no cause of action for filial (parent-child) loss of parental consortium." Grant v. The Waterbury Hospital, Superior Court, judicial district of Waterbury, Docket No. 127010 (June 7, 1996).
Subsequently, on June 18, 1996, five of the defendants, Waterbury Anesthesiology Associates, Mark Schiffmiller, Cindy Babcock, Mary Demirs and Rosemarie Noble, moved to strike he twelfth count, on the same grounds as cited by the three previous defendants. By memorandum of decision dated August 16, 1996, the court, L. Paul Sullivan, J., granted the motion to strike, citing its June 7, 1996 ruling. Grant v. The Waterbury Hospital, Superior Court, judicial district of Waterbury, Docket No. 127010 (August 16, 1996).
On August 9, 1996, the defendant Waterbury Hospital, moved for summary judgment on the twelfth count, claiming that a child's loss of parental consortium is not a valid action under Connecticut law. On June 16, 1997, the defendants Paul Kraus and Urology Specialists, P.C., moved to strike the twelfth count as it is directed to them, on these same grounds.[1] These are the motions presently before the court, and the plaintiffs have filed objections and memoranda in opposition to both.[2]
The function of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 357 (1996). A motion to strike may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotations marks omitted.) Burns v.Hanson, Superior Court, judicial district of Middlesex, Docket No. 472342 (March 8, 1995, Stanley, J.) (13 Conn. L. Rptr. 593). Additionally, the Connecticut Supreme Court has stated that a CT Page 12049 motion for summary judgment may be used to test the legal sufficiency of the pleadings. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971).[3]
In the present case, the issue of whether a claim for loss of parental consortium is permitted under Connecticut law has already been twice ruled upon by Judge Sullivan. In granting both motions to strike count twelve of the plaintiffs' complaint, Judge Sullivan stated that "[t]here is no cause of action either by statute or at common law for loss of [filial] parental consortium."
While the law or the case is not written in stone and a judge is not bound to follow the decision of another judge made at an earlier stage of the proceeding, "the court in a subsequent proceeding in the case may treat that [prior] decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance."Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "A judge should hesitate to chance his own rulings in a case and should he even more reluctant to overrule those of another judge . . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable . . . ." (Citation omitted.) Id., 99-100; State v. Arena, 235 Conn. 67, 80,663 A.2d 972 (1995); see also Silberkleit v. Mega Life Health Ins. Co.,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 041247 (May 2, 1996, Curran, J.).
This court previously has dealt with the issue of loss of parental/filial consortium and agrees that these claims are not permitted under the present state of our law. See Bialobreski v.Keene, Superior Court, judicial district of Waterbury, Docket No. 129607 (January 19, 1996); Sabol v. Hallock, Superior Court, judicial district of Waterbury, Docket No. 127090 (January 17, 1996); Mills v. Lake Ouassapaug Amusement Park, Superior Court, judicial district of Waterbury, Docket No. 123482 (May 17, 1995).
No "new or overriding circumstances" have occurred since Judge Sullivan's previous rulings. In addition, this court agrees with Judge Sullivan that parental consortium claims are not permitted under Connecticut law. Therefore, the court will grant the defendants Kraus and Urology Specialists' motion to strike and Waterbury Hospital's motion for summary judgment.
PELLEGRINO, J. CT Page 12050