[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs in this case are D.H. White Commercial Real Estate Services, Inc., and Dennis C. Lyndon, who is a licensed real estate broker. The plaintiffs allege that D.H. White Commercial Real Estate Services, Inc. acted at all times through its President, David White, who is also a licensed real estate broker.
The defendant is St. John Urban Development Corp., a Connecticut non-profit corporation, which owns a parcel of land located in the City of Stamford. CT Page 11201
The plaintiffs seek damages in the amount of $300,000 for misrepresentation, unjust enrichment, violation of the Connecticut Unfair Trade Practices Act (CUTPA) and under the doctrine of quantum meruit.
The plaintiffs allege the following facts: (1) The defendant, through its agents, servants or employees, "approached the plaintiff White to determine whether he was interested in marketing the defendant's property"; (2) the "defendant provided the plaintiffs with both a written report from a zoning consultant as to the zoning options and procedures as well as the maximum size of a potential office building . . . and a written real estate appraisal [valuing the property at approximately $3.75 Million Dollars]"; (3) the plaintiff Lyndon believed he had a zoning theory and development scheme that would double the value of the property; (4) the plaintiffs made both an oral and written; presentation to the defendants "for the purpose of securing the assignment to market the property"; wherein the plaintiffs revealed they had a theory to enhance the value of the property but did not disclose the theory; (5) following the presentation, the plaintiffs were "advised that [they] were selected to market the property and told to prepare a marketing agreement."
Additionally, the plaintiffs allege: (1) they relied on the "defendant's representation that plaintiffs had been engaged to create a development scheme for the property and to market same and that [the defendants] would enter into a marketing agreement [with the plaintiffs] . . . "; (2) "On explicit authorization of defendant's counsel, the plaintiff Lyndon met with the defendant's zoning consultant and several government officials and determined that his zoning theory was correct . . . and . . . that said property was worth approximately 6 Million Dollars more than the defendant thought"; the findings were communicated to the defendant; (4) the defendant failed to sign the listing agreement and ceased contact with the plaintiffs; (5) the defendant "[utilized] the knowledge procured from the plaintiffs, contacted and began negotiating the sale of the property with a developer and has entered into a contract to sell said premises at a sales price based on the plaintiff's zoning theory"; and (6) the plaintiffs have been injured due to reliance on the defendants fraudulent misrepresentation.
The defendants filed a motion to strike the plaintiff's CT Page 11202 complaint based on failure to state a claim under General Statutes § 20-325a. Judge Mintz denied the motion in a memorandum of decision wherein he stated: "At first blush it appears that the complaint should be stricken for failure to plead the existence of a valid listing agreement. The plaintiffs argue, however, that General Statutes § 20-325a does not apply to the present case because they are not seeking `to enforce any agreement that entitles them to a brokerage commission. . .' A careful examination of the plaintiffs' complaint in the present case reveals that the word `commission' does not appear. Further, the plaintiffs do not allege that they are entitled to proceeds from the sale of the property. . . Thecourt agrees with the plaintiffs, therefore, that the complaintindicates that they are not attempting to recover a commission.Rather, the plaintiffs seek to recover damages for thedefendant's failure to pay for the appraisal services (not thelisting services) that were rendered. General Statutes § 20-325does not apply to the present case." (Emphasis added.) WhiteCommercial Real Estate Services, Inc. v. St. John UrbanDevelopment Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160788 (January 2, 1998) (Mintz, J.) (20 CONN. L. RPTR. 672).
Thereafter, the defendants filed a motion for summary judgment "on the basis that there is no genuine issue of material fact and that the Defendant is entitled to judgment as a matter of law." The defendants argue in their memorandum of law in support of the motion that this claim "falls squarely within the ambit of General Statutes Section 20-325", despite the fact that Judge Mintz rejected that argument in denying the motion to strike.
"Practice Book § [17-49 (formerly § 384)] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Water Way Properties v.Colt's Mfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party CT Page 11203 opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998); see also Water Way Properties v. Colt's Mfg.Co., supra, 230 Conn. 664-65.
The defendant argues in support of the motion for summary judgment that the "claim falls squarely within the ambit of General Statutes Section 20-325a" and that in order to obtain any payment or commission there must be, inter alia, a written agreement between the parties, as required by § 20-325a. However, Judge Mintz rejected those arguments in denying the motion to strike.
"The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . A judge should hesitate to change his own rulings in a case and should beeven more reluctant to overrule those of another judge. . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Emphasis added; internal quotation marks omitted.) State v. Arena,235 Conn. 67, 80, 663 A.2d 972 (1995); see also Miller v. Krishner,225 Conn. 185, 191, 621 A.2d 1326 (1993); Campbell v. Romaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144241 (March 31, 1998) (D'Andrea, J.).
"[W]here a matter has been previously decided in an interlocutory ruling, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if he is of the opinion that the issue was correctly decided in the absence of some new or overriding circumstance." Campbell v. Romaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144241 (March 31, 1998) (D'Andrea, J.). CT Page 11204
The defendants essentially assert the same grounds in the motion for summary judgment as they asserted in the motion to strike.[1] Based on the law of the case doctrine, as enunciated in Campbell v. Romaine, supra, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144241, the motion for summary judgment is denied.
D'ANDREA, J.