## ANTHONY ARENA *v.* COMMISSIONER OF CORRECTION
### (AC 17679)

Schaller, Hennessy and Dupont, Js.

Argued December 8, 1998—officially released January 12, 1999

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *George Ferko*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court improperly rejected his claim of ineffective assistance of counsel. After a review of the record and briefs and after hearing the parties at oral argument, we conclude that the petitioner failed to make a substantial showing that he was denied a state or federal constitutional right.

The petitioner was convicted after a jury trial of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and larceny in the second degree in

violation of General Statutes § 53a-123 (a) (3).[1] On appeal, we affirmed the judgment. *State* v. *Arena,* 33 Conn. App. 468, 636 A.2d 398 (1994). Our Supreme Court granted certification and affirmed the judgment of this court. *State* v. *Arena,* 235 Conn. 67, 663 A.2d 972 (1995). Our Supreme Court noted that, prior to final argument, the trial court had informed counsel that it would instruct the jury on robbery in the second degree as a lesser included offense. Defense counsel, accordingly, had argued to the jury on that offense. Thereafter, the court declined to instruct the jury on robbery in the second degree but offered to give a curative instruction or to allow defense counsel to address the jury again to explain the change in rulings on lesser included offenses. Defense counsel declined both of the court's offers. Our Supreme Court concluded that the trial court correctly declined to instruct the jury on robbery in the second degree and that the defendant waived the claim of prejudice resulting from the trial court's ruling because defense counsel had declined to take advantage of the trial court's offers of a curative instruction or a second opportunity to address the jury. Id., 80.

The habeas court considered the petitioner's claim that his trial counsel provided ineffective assistance when he declined both of the trial court's offers. The habeas court heard testimony from the petitioner and his trial counsel regarding the claim. The habeas court credited counsel's testimony that he had declined the offers because "he felt it would . . . have done more harm than help if he had taken the opportunity to argue before that jury." The habeas court concluded that the defendant had failed to meet his burden of proving that trial counsel's performance was deficient and that he

---

[1] Although the jury found the petitioner guilty of larceny in the sixth degree, at the sentencing hearing, the trial court granted the petitioner's motion for judgment of acquittal with respect to that charge.

was prejudiced by the alleged ineffective performance. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). " 'Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . .' *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "In a case that is tried to the court, such as the present case, the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 386, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 120 (1996). Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy. . . .' " *Strickland* v. *Washington*, supra, 466 U.S. 689; see also *Johnson* v. *Commissioner of Correction*, 222 Conn. 87, 98, 608 A.2d 667 (1992); *Valeriano* v. *Bronson*, 12 Conn. App. 385, 393–94, 530 A.2d 1100 (1987), aff'd, 209 Conn. 75, 546 A.2d 1380 (1988).

We conclude that the habeas court had before it sufficient evidence to deny the petition for a writ of habeas corpus.

The judgment is affirmed.