[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant, Frank Iannazzi, (hereinafter the defendant) has moved this Court, pursuant to the Fourth, Fifth, Sixth andFourteenth Amendments to the United States Constitution; ArticleI, Section 7 of the Connecticut Constitution; to suppress as CT Page 4858 evidence any identification made of the defendant as a result of a photo display, by the Waterbury Police Department, including any testimony derived therefrom.
The defendant bases his motion to suppress the identification evidence on the following:
 1. The identification procedure employed by the police was unreasonable and impermissibly suggestive;
 2. The impermissibly suggestive police procedure led to the misidentification of the defendant as the perpetrator of the crime;
 3. The impermissibly suggestive police procedure will lead to a false and irreparably harmful in court identification of the defendant.
The court heard testimony and received evidence at a hearing on the motion on April 6 and 7, 2000.
The court has orally ruled on this motion on April 10, 2000, denying the motion to suppress.
 I. FACTS
The following facts were presented at the April 6, 2000, hearing.
In early September, 1999, the complaining witness, (hereinafter the complainant) after completing his work shift at McDonald's, began walking home. Shortly thereafter, he was confronted by a person inquiring about the time. The complainant responded to this person. The complainant indicated that he had an opportunity to look at the person, but that the area was dark. The testimony further indicated that the complainant continued walking, and was again confronted from the side by the same person who initially requested the time. The person was close to him, "like two friends walking down the street", and continued with a conversation with the complainant. During this time, the complainant indicated that he had eye contact with the person, and that the area that they were in was more illuminated than the previous location and he could see this person. He CT Page 4859 described him as "white and bald". (Transcript excerpt p. 26) The complainant indicted that this "walking conversation" continued about 25 yards. The complainant described that the person placed something against the back of his neck, and indicated that he had a gun and demanded money. That person searched the complainant's pockets, slipped his wallet from his pants, stepped in front of him and searched his wallet. During this, the complainant indicated that he was almost face to face and again had an opportunity to look at the person, and had no problem seeing him. (The complainant made an in court identification of the defendant as the person who stole the things from him). The complainant contacted the police station describing what had occurred.
On the following day, Detective Paul Ariola and Detective Ronald Hayes from the Waterbury Police Department showed him a couple of loose photographs at his home. He did not make an identification.[1]
The complainant was contacted by an individual who had found the stolen wallet. After contacting the Waterbury Police with this information, the complainant went to the location to retrieve his wallet. With Detective Hayes and Jones present, the complainant gave a description of the assailant to people who resided in that area gathered at the location. Certain people present indicated to the police that a person who lived in the area had a similar description. No names were discussed.
Based upon this information, the detectives were able to obtain the name of the individual described, the defendant, Frank Iannazzi. Police ascertained that there was an outstanding warrant for his arrest for unrelated charges, and arrested him. From that arrest, a photograph of the defendant was obtained and compiled in a photo array. Detective Jones compiled the photographic array, assembling what he believed were similar looking individuals with similar general characteristics of weight, height and build and, specifically bald, with little facial hair.
This eight (8) photo array was presented to the complainant a few days later. The testimony indicates the complainant identified the photo number one (1), which is the defendant Frank Iannazzi. The testimony did not present coaching, or suggestion on the part of the police in assisting the complainant in the selection. Testimony did indicate that the police CT Page 4860 personnel may have said that they believed the suspect's photo was within this array, but they did not point that photo out to the complainant.
 II LAW AND DISCUSSION
"The due process clause of the Fourteenth Amendment to the United States Constitution requires the exclusion of identification evidence, including "an in court identification and testimony concerning a pretrial photographic identification when the identification procedure used was so impermissibly suggestive as to give rise to a very substantial likelihood of an irreparable misidentification. Simmons v. United States,390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) . . .State v. Biggs, 13 Conn. App. 12, 17, 534 A.2d 1217 (1987), cert. denied, 207 Conn. 801, 540 A.2d 73 (1988)." (Internal citation marks omitted.) State v. Streater, 36 Conn. App. 345,362, 650 A.2d 632 (1994), cert. denied, 232 Conn. 908,653 A.2d 195 (1995); State v. Gagnon, 18 Conn. App. 694, 701,561 A.2d 129, cert. denied, 213 Conn. 805, 567 A.2d 835 (1989).
For the court to determine whether a pretrial identification procedure violated a defendant's due process rights, the court must review on a case by case basis in light of the following two prong test: "First, it must be determined whether the identification procedure was unnecessarily suggestive; and second, if it is found to have been so, it must be determined whether the identification was nevertheless reliable based upon an examination of the totality of the circumstances."State v. Ortiz, 252 Conn. 533, 553, ___ A.2d ___ (2000);State v. Streater, supra, 36 Conn. App. 362, quoting State v.Howard, 221 Conn. 447, 453, 604 A.2d 1294 (1992), quoting Statev. Threault, 182 Conn. 366, 371-72, 438 A.2d 432 (1980).
As to the first prong, "whether such identification procedure is unnecessarily suggestive depends on the fact and circumstances of each case. State v. Findlay, 198 Conn. 328,337-38, 502 A.2d 921, cert. denied, 476 U.S. 1159,106 S.Ct. 2279,90 L.Ed.2d 721 (1986), State v. Arroyo, 13 Conn. App. 687, 690,539 A.2d 581, cert. denied, 208 Conn. 805, 545 A.2d 1103 (1988)." (Internal citation marks omitted.) State v. Gagnon, supra,18 Conn. App. 702. CT Page 4861
The essential inquiry is whether the viewing by the witness was impermissibly suggestive and unreliable.
"A defendant who moves to suppress identification evidence bears the initial burden of proving that the identification resulted from an unconstitutional procedure. State v. Hinton,196 Conn. 289, 293, 493 A.2d 836 (1985)." State v. Arena,33 Conn. App. 468, 474, 636 A.2d 398 (1994), aff'd, 235 Conn. 67,663 A.2d 972 (1995), State v. Streater, supra, 36 Conn. App. 363;State v. Payne, 219 Conn. 93, 106, 591 A.2d 1246 (1991).
With this understanding of the law, the court reviews the testimony and evidence addressing the identification procedure that was utilized by the Waterbury Police Department in the case before the court.
The credible testimony and evidence produced at trial does not present any evidence that the police procedure used was unnecessarily suggestive.
The testimony of Detective Paul Ariola and Detective Ronald Hayes did not establish any procedure in the presentation of the photo array and subsequent identification that would indicate any impermissibly suggestive procedure.
The evidence and testimony presented as to the photo array (Defendant's Exhibit 1(H)), and the composition of that array does not present evidence that it was unnecessarily or impermissibly suggestive to cause a misidentification.
The defendant contends that the pretrial photographic identification procedure used by the Waterbury Police Department on this matter was unnecessarily suggestive because the police presented photographs of individuals prior to the presentation of the photo array, that the police commented to the complainant that the person, a suspect, may be in the photo array and the composition of the photo array itself was suggestive.
The statement, if made, by the police that the suspect may or is in this array does not rise to the level of impermissible or unnecessarily suggestive procedure. State v. Owens,38 Conn. App. 801, 811, 693 A.2d 1094, cert. denied, 235 Conn. 912,665 A.2d 609 (1995)
The court also has had an opportunity to view the photo CT Page 4862 array (Defense exhibit #1(h)). In reviewing this array, the court finds that the photographs do substantially represent the general description of the individual given to police by the complainant. The 8 photographs are of light color skinned males, bald, some facial hair and all approximately within the same age. These individuals look sufficiently like each other so as not to be overly suggestive. The court is familiar with the factors it must consider in weighing identification evidence. Based on the credible evidence presented, the court does not find the photo array overly suggestive.
"The presentation of an array of several photos to witnesses, including that of the suspect, does not constitute an impermissibly suggestive pretrial identification procedure in the absence of any unfairness or other impropriety in the conduct of the exhibit." State v. Sparks, 39 Conn. App. 502,511, 664 A.2d 1185 (1995); see also, State v. Outlaw,216 Conn. 492, 502 A.2d 751 (1990).
As previously stated, the defendant, seeking to suppress the identification evidence, bears the initial burden of proving that the identification resulted from an unconstitutional procedure. State v. Streater, supra, 36 Conn. App. 363; Statev. Payne, 219 Conn. 93, 106, 591 A.2d 1246 (1991).
The court concludes that the defendant has failed to establish that the photographic array was impermissibly suggestive. In light of that conclusion, the court need not address the reliability of the out of court identification. In light of this finding, the court need not address the reliability of the in court identification. However, the court will discuss it. If it were found that an identification resulted from an unduly suggestive procedure, it may still be reliable. The court must weigh the corrupting effect of the suggestive procedure in light of certain factors. State v. Askew,55 Conn. App. 34, 39, 739 A.2d 274 (1999); State v. Wooten,227 Conn. 677, 687, 631 A.2d 271 (1993)
The court has found that the identification procedures were not unnecessarily suggestive. The court has considered the out of court identification and in court identification reliable because of factors presented at the hearing which included the opportunity the complainant had to view the defendant at the time of the crime, the witnesses' degree of attention, the consistency of the complainant's prior description of the person CT Page 4863 who he indicated robbed him, and the level of certainty at the identifications once the time between the incident and the subsequent identification. The court considered all of these factors in determining the reliability of the identifications.
The court after consideration of the testimony presented, the arguments of the attorneys, and case law relevant to this issue, finds that the procedures utilized by the Waterbury Police Department in the preparation of and presentation to the witness were not conducted unfairly or as an unnecessarily suggestive procedure which would give rise to the very substantial likelihood of irreparable misidentification.
An identification procedure is unnecessarily suggestive only if it gives rise to a very substantial likelihood of misidentification. State v. Ortiz, supra, 252 Conn. 553.
 Ruling
The court finds for all the reasons presented that the defendant has not sustained his burden to establish the identification procedure was unreasonable or impermissibly suggestive and that said procedure led to the misidentification of the defendant.
The defendant's motion to suppress identification evidence is denied.
D'ADDABBO, JUDGE.