STATE OF CONNECTICUT *v.* DOMINIC VINCENZO, JR.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued May 6—decision released June 22, 1976

*James D. Cosgrove,* for the appellant (defendant).

*Richard F. Banbury,* chief assistant state's attorney, with whom was *George D. Stoughton,* state's attorney, for the appellee (state).

HOUSE, C. J. The defendant was indicted for murder in intentionally causing the death of one Abraham Foxman in violation of Public Acts 1973, No. 73-137, section 2, later codified as § 53a-54a of the General Statutes. He was tried by a jury which returned a verdict of guilty and judgment was rendered accordingly. The present appeal is from that judgment.

In a praiseworthy display of both professional competence and responsibility counsel for the defendant, despite the gravity of the crime involved, has not attempted a wholesale attack on the trial proceedings but has limited his claims of error to two, both relating to the court's charge to the jury. There is no claim that the trial court incorrectly stated the principles of law applicable to the facts in the case, but error is claimed in other respects. Under these circumstances it is unnecessary to recite in detail the facts in the case. It suffices to note that there was ample evidence from which the jury could find that the victim, Foxman, operated a liquor package store on Zion Street in Hartford and that on December 1, 1973, at about 7 p.m., the defendant, wearing a mask and carrying a gun, entered the store and fired the gun several times inflicting seven gunshot wounds to the body of Foxman, causing his death.

The first claimed error in the charge is addressed to that part in which the court stated to the jury: "Now, if I recall correctly, there has been testimony

with respect to declarations or admissions made by the defendant in the course of the testimony. Again, any time there is any reference to testimony, it's your recollection of the facts which controls. The Court recalls that the defendant indicated to John Colangelo [the defendant's accomplice] that 'he had just shot a dude and he had to shoot the crazy s.o.b., he pulled a gun on me.' The defendant indicated to Giselle [Colangelo's girlfriend], 'I must have killed the guy; I emptied the gun; the other fellow had a gun and pulled it, and it was either me or him; I would have shot the lady if there were any more bullets so that there were no witnesses.' The defendant to Owen Saulter [the defendant's friend], 'I shot the man who pulled a gun on him; had to shoot him or he would have gotten shot.' And the defendant to Joanne [girlfriend of the provider of the murder weapon], 'Would get the same rap if killed one or three people.' "

The defendant excepted to this portion of the charge on the grounds that the court had made no reference to the fact that although a witness had testified that each such statement had been made by the defendant, nevertheless the defendant had testified that he had not made any of the statements testified to by the four witnesses. As a result of this exception the court recalled the jury, referred to that portion of its charge to which exception had been taken, and further instructed the jury: "I would indicate to you that—and I want it clear from the standpoint there—that the defendant has denied categorically ever having made any of those statements to the witnesses in question. I'm trying to give you examples of what it is, but, again, I'm trying to stress that the question of fact is up to you from that standpoint there. So, to be per-

fectly clear on it, I want to point out that the defendant has maintained that he never made such statements to any of the witnesses who claims such were made to him."

We fail to see how the defendant could have been in any way prejudiced. In its original charge the court had specifically referred to the defendant's own testimony that he did not make any of the incriminating statements attributed to him by the witnesses and during its charge repeatedly instructed the jury that it was their function and theirs alone to recall and evaluate the conflicting testimony and to determine the facts in the case. It also specifically instructed the jury, in connection with the testimony concerning admissions, that it was their recollection of the facts which controlled. The portion of the charge to which exception was taken was specifically and explicitly corrected after the defendant excepted to it and no further exception was taken. In view of the very specific correction, we fail to see how the jury could have been misled.

The second claimed error in the charge "is based on the exhaustive review of the testimony of each witness, thus reducing that testimony to a capsule form." It is the claim of the defendant that the court's review of the testimony was "out of proportion to that portion of the instructions which set forth the legal propositions which were necessary to guide the members of the jury." Significantly, however, the defendant makes no claim that the court's review of the evidence was in any respect inaccurate, contained any critical omissions or included reference to any excluded evidence. From a reading of the entire charge it is apparent that

the court while summarizing the evidence in considerable detail did so with fairness and impartiality and in no way invaded the fact-finding province of the jury.

The degree to which reference to the evidence may be necessary lies largely in the discretion of the court. *State* v. *Guthridge,* 164 Conn. 145, 153, 318 A.2d 87, cert. denied, 410 U.S. 988, 93 S. Ct. 1519, 36 L. Ed. 2d 186. The record discloses that the outcome of the case turned largely on questions of fact rather than law. A total of twenty-three witnesses testified during the trial and nine days elapsed between the testimony of the first witness and the giving of the charge. Under all the circumstances and particularly in the absence of any showing that the court misstated or unfairly summarized any of the evidence we find no abuse of its discretion.

What this court said in *Heslin* v. *Malone,* 116 Conn. 471, 478–79, 165 A. 594, is pertinent and bears repeating: "The comments of the trial court in this case are open to some criticism because of their length, due to a considerable extent to unnecessary repetition, and the detailed way in which the evidence was discussed. We cannot say, however, that the trial court violated any rule of law. It was very careful to leave the conclusion upon every disputed issue to the jury. No claim is made that he misstated the testimony. . . . On the whole, while we feel that it would have been a wiser course for the trial court to confine its comments to the salient features of the evidence, to calling attention to important matters not referred to by counsel in argument, and to assisting the jury in keeping the value and weight of the various matters of evidence

in a proper proportion, and that it might thereby have brought its comments into a considerably briefer compass, we cannot hold that it committed any error of law or abuse of discretion."

There is no error.

In this opinion the other judges concurred.