The defendants have jointly appealed their conviction after a jury trial upon six counts of "molesting lobster pots" and three counts of stealing *Page 810 
lobsters in violation of General Statutes 26-167.[1]
The issues raised are the denial of their motions for judgments of acquittal based upon the insufficiency of the evidence, the admissibility of certain evidence and the adequacy of the instructions to the jury.
At the close of the state's case the defendants moved to dismiss the charges against them for lack of evidence and the trial court denied the motions. "Motions for a directed verdict of acquittal and for dismissal when used during the course of a trial are abolished." Practice Book 883. We shall treat these motions as motions for judgments of acquittal made at the close of the prosecution's case pursuant to Practice Book 884. The defendants did not make any such motions at the close of all the evidence, including their own testimony which they presented. See Practice Book 885.
In reviewing the denial of the motions the test is whether the evidence presented by the state would "reasonably permit a finding of guilty." Practice Book 883. This standard requires that the state present *Page 811 
credible testimony to establish facts from which the trier might reasonably conclude that each element of the offenses had been proved beyond a reasonable doubt. See State v. Torello, 100 Conn. 637,643, 124 A. 375 (1924).
Thomas Ziobo, a marine conservation officer employed by the state department of environmental protection, testified that at about 5:30 a.m. on August 20, 1979, from a concealed position on a breakwater in New Haven harbor, he watched the defendants raising lobster pots into their boat. Six of the buoys mooring the pots had color markings different from the yellow markings used by the defendants on their own lobster pot buoys, which they also were tending at that time. Using binoculars, officer Ziobo observed the defendants from distances of twenty-five to one-hundred fifty yards as they hooked the buoys, raised the lobster pots with a winch, examined them, removed any lobsters found, and returned the pots and buoys to the water. Michael Fraenza operated the boat while his brother, Robert Fraenza, handled the lobster pots in the stern. The officer testified that on three occasions he saw Robert Fraenza remove a lobster from a pot that did not bear the yellow buoy markings used by him and his brother.
Officer Ziobo called for assistance and another officer soon arrived in a boat. They proceeded then to find and raise the six lobster pots without yellow buoy markings which Robert Fraenza had been seen raising. The officers took possession of those pots and their buoys as evidence. They used the license numbers affixed to locate the owners of the pots. Five of the pots belonged to one witness who testified at the trial and the sixth belonged to another witness. These witnesses identified the six pots which had been introduced in evidence as their property and also said that they had never given the defendants permission *Page 812 
to tend their pots. Each defendant was issued a summons and complaint soon after the officers had retrieved the six lobster pots.
From this recital of the evidence it would be reasonable to infer that the defendants had violated the provisions of 26-167 which penalizes "[a]ny unauthorized person who lifts, raises, draws or molests, or assists in so doing, any trap, pot or other device set for the purpose of taking fish or lobsters, or steals any fish or lobster therefrom ..." as charged in the nine-count complaints.[2] The defendants claim that the evidence did not establish ownership of the three lobsters to which three of the counts relate. Officer Ziobo testified that he saw Robert Fraenza take lobsters from two pots with blue and white markings on the buoys, identified as belonging to one witness, and also from a third pot with brown and white buoy markings which appears to have been owned by the other witness. Apart from this evidence, it was not essential at common law to prove the identity of the owner of the stolen property as an element of the crime of larceny. Miller, Criminal Law 110(c), 114; 4 W. Blackstone, Commentaries 235; 50 Am.Jur.2d, Larceny 131; 52A C.J.S., Larceny 79(a). "The names of the owners of the stolen property constitute no part of the offense." Hearn v. State, 55 So.2d 559, 561 (Fla. 1951). The statutory definition of larceny does not modify this rule. General Statutes 53a-119; 28 A.L.R.2d 1179. Although lobsters may be classified as animals ferae naturae, they could be the subject of larceny at common law once reduced to possession by capture. Miller, Criminal Law 110 (a). The obvious intent of 26-167 is to make fish or lobsters which have been caught the subject of larceny. *Page 813 
The defendant Michael Fraenza claims that the case against him was not proved because the officer did not see him either raise the lobster pots or take any lobsters. Section 26-167
expressly subjects anyone who "assists in so doing" to its penalties. The operation of the boat under the circumstances proven would allow a reasonable inference that he was assisting his brother in performing the prohibited activities. Even without the provision expressly making 26-167
applicable to a person who assists another in violating the statute, Michael Fraenza would have been criminally liable for the acts of his brother if he intentionally aided him in the conduct constituting the offense "and may be prosecuted and punished as if he were the principal offender." General Statutes 53a-8.
The ruling on evidence which the defendants claim as error pertains to the admission in evidence of the six lobster pots retrieved by officer Ziobo. The only ground of objection which is pressed on appeal is that there was an insufficient foundation to connect these lobster pots with the defendants. Officer Ziobo testified that each of the six pots taken into his possession had been raised and examined by Robert Fraenza, that after being tagged they were locked up in an evidence room in Waterford and that he had brought them to court for the trial in his station wagon. The basic argument of the defendants is that, contrary to the officer's testimony, he could not have kept track of the six lobster pot buoys involved because of the presence of numerous others in the area. The trier's determination of a question of fact preliminary to the admission of evidence cannot be overturned unless it is "clearly erroneous." Practice Book 30601). Our review of the evidence indicates substantial support for the decision of the trial court allowing the lobster pots to be introduced as exhibits. *Page 814 
With respect to the charge, the defendants claim that the court did not adequately discuss all the elements required to prove stealing or larceny. The defendants did except to the initial charge given upon the ground that the mental element of an intentional taking of another's property had not been adequately explained. The trial court proceeded then to call the jury back and instruct them further upon this aspect of the case. The court specifically advised them that, if the defendants had simply raised a lobster pot for the purpose of checking its identification to see whether it was one of their own pots, as Robert Fraenza testified he had done a few times because of the deterioration of some of the buoy markings, this activity would not constitute a violation of the statute. No further exception was taken. The defendants point to no other specific element of the offense which was not adequately covered in the charge nor do they point to any deficiencies in the supplementary charge.
In taking their exception, the defendants also claimed that the trial court reviewed the evidence presented by the state with far more elaboration than was devoted to the defendants' evidence. Our review indicates that the trial court thoroughly summarized the testimony of each witness in an even-handed manner, cautioning the jury several times that the factual issues were exclusively within their province. See State v. Vincenzo,171 Conn. 240, 243, 368 A.2d 219 (1976). It is not surprising that more time was spent upon the state's evidence than upon that of the defendants because there was more of it. There is no substance whatsoever to the implication of partiality raised by this claim of the defendants.
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.