## STATE OF CONNECTICUT *v.* JOSE ARREAGA
### (AC 22600)

Lavery, C. J., and West and Peters, Js.

Argued December 9, 2002—officially released March 11, 2003

*H. Jeffrey Beck*, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, *Richard F. Jacobson*, special assistant state's attorney, and *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Jose Arreaga, appeals from the judgment of conviction, rendered following a jury trial, of two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (C).[1] On appeal, the defendant claims that the trial court improperly failed to charge the jury regarding the offense of unlawful restraint in the first degree, as proscribed by General Statutes § 53a-95,[2] as a lesser offense included within kidnapping in the first degree. We affirm the judgment of the trial court.

---

[1] General Statutes § 53a-92 (a) provides in relevant part that "[a] person is guilty of kidnapping in the first degree when he abducts another person and . . . (2) he restrains the person abducted with intent to (A) inflict physical injury upon him or violate or abuse him sexually; or . . . (C) terrorize him or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides that "[a] person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

The jury reasonably could have found the following facts. At the time of the events involved in the present case, the defendant and the victim had been involved in a romantic relationship for six years. On or about the evening of September 19, 2000, the victim was sitting inside a parked vehicle with another individual at an apartment complex in Bridgeport. The defendant approached, driving an automobile at a high rate of speed, and parked directly behind the victim's vehicle, blocking any possible exit. The defendant exited his vehicle and, swearing loudly, approached the vehicle in which the victim was sitting. The defendant then dragged the victim from the vehicle, at one point grabbing and pulling her hair. As the victim struggled with the defendant, he kicked and pushed her in the direction of his vehicle, eventually forcing her into the vehicle.

The defendant then drove away with the victim on Interstate 95 in the direction of New York, continuing to swear at her and to hit her in the face and head. He threatened to kill her or to scar her face. While he was driving, the defendant attempted to force the victim to perform oral sex. The defendant exited the highway in New York and parked in a motel parking lot. The defendant told the victim that she "was going to prove herself" to him. The victim, however, refused what she interpreted as the defendant's demand to engage in sex with him. The defendant then left the motel parking lot with the victim while threatening her life. Growing increasingly fearful of the defendant's intentions, the victim told him that she would do whatever he wanted and told him to drive back to the motel. They went to a room, and the defendant demanded that the victim remove her clothes. When she refused, the defendant struck her, threw her onto the bed and forced her to engage in sex.

The defendant then drove back to Connecticut with the victim. When they arrived in Norwalk, the victim

pleaded with the defendant to leave her there, but he refused to do so. Eventually, they arrived at the defendant's house in Bridgeport. The defendant's mother applied ice to the victim's face. The defendant's stepfather walked the victim part of the way to her apartment where she was met by two police cars and an ambulance, which had been summoned by a security guard for the apartment complex who had witnessed the initial encounter. The victim was taken by ambulance to a hospital where she was treated for her injuries.

The defendant subsequently was arrested and charged, by substitute information, with two counts of kidnapping in the first degree. At trial, the defendant requested that the court provide the jury with an instruction on unlawful restraint as a lesser offense included within kidnapping in the first degree. The court denied that request. The jury later found the defendant guilty of both counts of kidnapping in the first degree. This appeal followed.

We begin our analysis by stating that "[t]here is no fundamental constitutional right to a jury instruction on every lesser included offense suggested by the evidence or by the information, indictment and bill of particulars." *State* v. *Whistnant*, 179 Conn. 576, 583, 427 A.2d 414 (1980). Rather, "[a] defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently

to find the defendant innocent of the greater offense but guilty of the lesser." Id., 588.

Under the first prong of *Whistnant*, we must determine whether the request to charge was appropriate.[3] *State* v. *Faria*, 47 Conn. App. 159, 179, 703 A.2d 1149 (1997), cert. denied, 243 Conn. 965, 707 A.2d 1266 (1998). A proposed instruction on a lesser included offense satisfies the first prong of *Whistnant* if it complies with Practice Book § 42-18. *State* v. *Tomasko*, 238 Conn. 253, 261, 681 A.2d 922 (1996). Practice Book § 42-18 (a) provides in relevant part that requests "shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . ." "[I]n the context of a written request to charge on a lesser included offense, this requirement of [Practice Book § 42-18] is met only if the proposed request contains such a complete statement of the essential facts as would have justified the court in charging in the form requested." (Internal quotation marks omitted.) *State* v. *Tomasko*, supra, 261–62.

In the present case, the form and content of the defendant's request to charge leaves much to be desired.[4]

---

[3] We note that the defendant argues that the court did not base its denial of the requested charge on the insufficiency of the charge itself, but rather, the court's denial was grounded on substantive concerns. The defendant, therefore, argues that we should likewise consider only whether the requested charge satisfies the substantive prongs of *Whistnant*. Because our independent review of the court's ruling reveals a concern regarding the sufficiency of the requested charge, and because the parties in their briefs have addressed the issue of whether the charge meets the first prong of *Whistnant*, we properly address that issue.

[4] The defendant's request to charge consisted of the following:

"1. Lesser included offense of Unlawful Restraint in the first degree.

"Under the first or second count, the defendant is charged with the crimes of Kidnapping in the first degree. If you find that the State has proven beyond a reasonable doubt each of the essential elements of this crime, you shall find the defendant guilty of the crimes under counts one and two.

"However, if you find the defendant not guilty of the crime of Kidnapping

The defendant's proposed instruction contains only a cursory reference to the testimony of a single witness, the victim. The defendant offers that "[t]he victim testified she was restrained and exposed to physical injury." Such a characterization of the victim's testimony grossly misrepresents the substance of that testimony. Nowhere in the defendant's proposed charge is there any reference to the particular facts of the case, as testified to by the victim or any other witness. "A mere general statement of the entire incident at issue does not comply with our rules of practice." *State* v. *Hall*, 213 Conn. 579, 591–92, 569 A.2d 534 (1990).

Further, the defendant's legal citations fall short of the requirements of Practice Book § 42-18. In his requested jury instruction, the defendant cites R. Leuba & R. Fracasse, Connecticut Selected Jury Instructions Manual (1998) §§ 2.51 and 6.35, General Statutes §§ 53a-95 and 53a-91, and *State* v. *Whistnant*, supra, 179 Conn. 588, for the stated proposition of law.[5] Our Supreme Court repeatedly has emphasized that "*Whistnant* by itself does not provide the substantive principles of criminal law which would justify any particular instruction." *State* v. *Ostroski*, 201 Conn. 534, 558–59, 518 A.2d 915 (1986). The substantive principles support-

in the first degree, you shall consider the lesser offense of Unlawful Restraint in the first degree.

"Unlawful Restraint in the First Degree is defined as:

"A person is guilty of unlawful restraint in the first degree when (1) he restrains another person (2) under circumstances which expose such other person to substantial risk of injury.

"Facts: The victim testified she was restrained and exposed to physical injury.

"Law: [R. Leuba & R. Fracasse] Connecticut Selected Jury Instruction[s] [Manual (1998) §§ 2.51] and 6.35. Connecticut General Statutes Sections 53a-95, 53a-91. *State* v. *Whistnant*, [supra, 179 Conn. 588]."

[5] Although not dispositive of the issue before this court, we note that the defendant's request to charge misstates the necessary elements constituting unlawful restraint in the first degree by omitting the qualifier "physical" before "injury," as stated in the statute. See General Statutes § 53a-95.

ing the propriety of charging unlawful restraint in the first degree as a lesser offense included within kidnapping in the first degree also are not to be found in either the General Statutes or the compilation of sample jury instructions relied on by the defendant. See *State* v. *Corbin*, 61 Conn. App. 496, 521, 765 A.2d 14 (2001), aff'd in part, 260 Conn. 730, 746, 799 A.2d 1056 (2002) (defendant merely recited relevant statutory sections pertaining to unlawful restraint in second degree in comparison to kidnapping statute).

"While this court does not favor unyielding adherence to rules of procedure where the interests of justice are thereby disserved . . . the ever increasing refinement of our law justifies cooperation of counsel in stating requests for jury instruction. The minor burden of cooperation imposed by [Practice Book § 42-18] is neither unreasonable nor novel." (Internal quotation marks omitted.) *State* v. *Corbin*, 260 Conn. 730, 747, 799 A.2d 1056 (2002). We conclude, therefore, that the defendant's requested instruction fails to meet the minimum requirements of Practice Book § 42-18. Because the defendant's claim fails to satisfy the first prong of *Whistnant*, we need not consider the sufficiency of the claim under the remaining prongs of that test. See *State* v. *Corbin*, supra, 745–46.

The judgment is affirmed.

In this opinion the other judges concurred.