STATE OF CONNECTICUT *v.* TAMEKAH RUDD
(AC 20131)

Lavery, C. J., and Dranginis and Daly, Js.

Argued December 1, 2000—officially released April 10, 2001

*Norman A. Pattis*, with whom, on the brief, was *Angelica N. Papastravros-Corbo*, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Kevin J. Dunn*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Tamekah Rudd, appeals from the judgment of conviction, rendered after a jury trial, of criminal trespass in the first degree in violation of General Statutes (Rev. to 1997) § 53a-107 (a) (1),[1] breach of the peace in violation of General Statutes § 53a-181 (a) (1),[2] disregarding an officer's signal in violation of General Statutes (Rev. to 1997) § 14-223 (b)[3] and reckless driving in violation of General

---

[1] General Statutes (Rev. to 1997) § 53a-107 (a) provides in relevant part: "A person is guilty of criminal trespass in the first degree when: (1) Knowing that he is not licensed or privileged to do so, he enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to him by the owner of the premises or other authorized person . . . ."

[2] General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . ."

[3] General Statutes (Rev. to 1997) § 14-223 (b) provides in relevant part: "No person, when signalled to stop by an officer in a police vehicle using an audible signal device or flashing or revolving lights, shall increase his speed in an attempt to escape or elude such police officer. . . ."

Statutes § 14-222 (a).[4] The defendant was acquitted on a charge of reckless endangerment in the second degree in violation of General Statutes § 53a-64. The defendant claims that the trial court improperly refused (1) to instruct the jury on creating a public disturbance as a lesser included offense of breach of the peace and (2) to set aside the judgment of conviction as to reckless driving after she had been acquitted of reckless endangerment.

The jury reasonably could have found the following facts. On February 6, 1997, the defendant asked the principal of Stratford Academy, a public elementary school, if she could speak with her sister, Makeda Bright. The principal told the defendant that an injunction had been issued prohibiting her presence on school grounds and access to Bright, a sixth grade student at the school. The principal also instructed her secretary to call the police. When the police arrived, they directed the defendant to leave the premises.

Later that day, the defendant and her mother forcibly entered Stratford Academy. They rushed up the stairs and into a second floor classroom. The defendant and her mother took Bright from the classroom and outside

---

[4] General Statutes § 14-222 (a) provides in relevant part: "No person shall operate any motor vehicle upon any public highway of the state, or any road of any specially chartered municipal association or of any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or in any parking area for ten cars or more or upon any private road on which a speed limit has been established in accordance with the provisions of section 14-218a or upon any school property recklessly, having regard to the width, traffic and use of such highway, road, school property or parking area, the intersection of streets and the weather conditions. The operation of a motor vehicle upon any such highway, road or parking area . . . at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section. The operation of a motor vehicle upon any such highway, road or parking area . . . at a rate of speed greater than eighty-five miles per hour shall constitute a violation of the provisions of this section."

to the parking lot in violation of the injunction prohibiting the defendant and her mother from having access to the child. Several school employees stood in front of the defendant's car to try to prevent her from leaving with the child. Their efforts were to no avail, and the defendant sped out of the parking lot.

Officers in two police cruisers observed the defendant leave the parking lot. She appeared to be traveling at a high rate of speed. The police chased her with their vehicles' lights flashing. The defendant failed to stop at three stop signs in a residential school zone, and drove through a red traffic light and onto Interstate 95. The police continued to pursue the defendant while she weaved in and out of traffic on the three lane highway. Finally, the police surrounded the defendant's car in the middle lane of Interstate 95 and forced her to come to a complete stop. Additional facts relevant to this appeal will be set forth as necessary.

I

The defendant claims that the court improperly refused to instruct the jury on creating a public disturbance in violation of General Statutes § 53a-181a as a lesser included offense of breach of the peace. The state argues in response that the court properly refused to give the lesser included offense instruction because the defendant failed to request an appropriate instruction. We agree with the state.[5]

"There is no fundamental constitutional right to a jury instruction on every lesser included offense . . . rather, the right to such an instruction is purely a matter

---

[5] Following oral argument in this case, we ordered the parties to file supplemental briefs addressing the issue of whether an infraction can be a lesser offense included within a misdemeanor. The parties complied with that order and are in agreement that an infraction can be a lesser offense included within a misdemeanor. Because we conclude, however, that an appropriate instruction was not requested, we need not address this issue.

of our common law." (Citation omitted; internal quotation marks omitted.) *State* v. *Tomasko*, 238 Conn. 253, 260, 681 A.2d 922 (1996). In *State* v. *Whistnant*, 179 Conn. 576, 588, 427 A.2d 414 (1980), our Supreme Court determined that a lesser included offense instruction should be given when: "(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser."

"Under the first prong of *Whistnant*, we must determine if the defendant's request to charge was an appropriate instruction. 'A proposed instruction on a lesser included offense constitutes an appropriate instruction for purposes of the first prong of *Whistnant* if it complies with Practice Book § 854 [now § 42-18]. . . .' Practice Book § 42-18 (a) provides in relevant part: 'When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. . . .' " *State* v. *McPhee*, 58 Conn. App. 501, 515, 755 A.2d 893, cert. denied, 254 Conn. 920, 759 A.2d 1026 (2000).

Applying that rule to the present case, we conclude that the court properly refused to grant the defendant's request for a lesser included offense instruction. As an initial matter, the request was oral rather than in writing. Our Supreme Court has stated that absent a written

request, "the refusal of the court to so charge is justified." *State* v. *Jacobs*, 194 Conn. 119, 128, 479 A.2d 226 (1984), cert. denied, 469 U.S. 1190, 105 S. Ct. 963, 83 L. Ed. 2d 968 (1985). We have further "rejected the view that an in-court discussion of whether the [requested] charge was warranted, held immediately before the court's charge to the jury, is an acceptable alternative to the rules of practice. First, the rules of practice do not give oral argument as an alternative to a written request to charge. Second, the purpose of the provision, that attorneys help rather than hinder the trial court in its determination of whether a particular instruction should be given . . . is not well served by oral argument. Rather than affording the court time to scrutinize the requests and investigate the relevant case law, so as to arrive at the proper legal answer, oral argument is likely to require the court to commit to memory the arguments of both sides, or to pressure it into making an immediate decision on the issue. We do not think it necessary or proper to burden the trial bench so." (Citation omitted; internal quotation marks omitted.) *State* v. *Payne*, 31 Conn. App. 370, 378–79, 625 A.2d 231, cert. denied, 227 Conn. 901, 630 A.2d 73 (1993).

Because the request to charge was oral, it clearly was not in the form of "separate and numbered paragraphs" as required by our rules of practice. See Practice Book § 42-18 (a). It also did not contain a citation of authority to support the defendant's claim that she was entitled to a charge of creating a public disturbance as a lesser included offense of breach of the peace. "[A]lthough the request cites *State* v. *Whistnant* as authority for the propositions stated, we emphasize that *Whistnant*, by itself, does not provide the substantive principles of the criminal law which would justify any particular instruction. In setting the four preconditions to a lesser included offense instruction, *Whistnant* states no more than a rule of procedure which must be followed before

the requested instruction need be given." *State* v. *McIntosh*, 199 Conn. 155, 160, 506 A.2d 104 (1986).

Finally, the defendant's request did not contain a citation to "the evidence to which the proposition would apply." Practice Book § 42-18 (a). In the context of a written request to charge on a lesser included offense, our Supreme Court has stated that "this requirement of [§ 42-18 (a)] is met only if the proposed request contains such a complete statement of the essential facts as would have justified the court in charging in the form requested." (Internal quotation marks omitted.) *State* v. *Tomasko*, supra, 238 Conn. 262. "A mere general statement of the entire incident at issue does not comply with our rules of practice." *State* v. *Hall*, 213 Conn. 579, 591–92, 569 A.2d 534 (1990).

"While this court does not favor unyielding adherence to rules of procedure where the interests of justice are thereby disserved . . . . the ever increasing refinement of our law justifies cooperation of counsel in stating requests for jury instruction. The minor burden of cooperation imposed by [Practice Book § 42-18 (a)] is neither unreasonable nor novel." (Internal quotation marks omitted.) *State* v. *Tomasko*, supra, 238 Conn. 262. We conclude, in light of the foregoing, that the court properly refused the defendant's request to instruct the jury on creating a public disturbance as a lesser included offense of breach of the peace. The defendant did not request an appropriate instruction and, therefore, the first prong of *Whistnant* was not satisfied.[6]

---

[6] The state also argues that the defendant's claim fails to satisfy the fourth prong of *Whistnant*, which requires that "the proof on the element or elements which differentiate the lesser offense from the offense charged [be] sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant*, supra, 179 Conn. 588. The issue, as related to the present case, is whether proof that conduct occurred in a "public place," as required under the relevant portion of the breach of the peace statute, § 53a-181 (a) (1), was sufficiently in dispute to permit the jury to acquit the defendant of breach of the peace but find her guilty of creating a public disturbance. Because

## II

The defendant next argues that the court improperly refused to set aside the judgment of conviction as to reckless driving after she had been acquitted of reckless endangerment. The defendant argues that the verdict was inconsistent and, thus, should have been set aside. We disagree.

With regard to any claimed factual inconsistency, we simply note that "a factually inconsistent verdict will not be overturned on appeal. On several occasions, [our Supreme Court] has refused to reverse a verdict of guilty on one count where that verdict appeared to be inconsistent with a verdict of acquittal on another count. . . . The law permits inconsistent verdicts because of the recognition that jury deliberations necessarily involve negotiation and compromise." (Internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 242, 745 A.2d 800 (2000).

We further conclude that the jury's verdict was not inconsistent as a matter of law. "[W]here the inconsistent verdicts claim involves a simultaneous conviction and acquittal on different offenses, the court, in testing the verdict of guilty for inconsistency as a matter of law, is necessarily limited to an examination of the offense charged in the information and the verdict rendered thereon without regard to what evidence the jury had for consideration. . . . If the offenses charged contain different elements, then a conviction of one offense is not inconsistent on its face with an acquittal of the other." (Citations omitted; internal quotation marks omitted.) Id., 244.

we conclude that the defendant's claim fails to satisfy the first prong of *Whistnant*, we need not decide this issue. We do note, however, that we find persuasive the state's argument that a public school is a "public place."

A defendant may be found guilty of reckless endangerment in the second degree in violation of § 53a-64[7] if the state establishes that the defendant recklessly engaged in conduct that created a risk of physical injury to another person. For a defendant to be found guilty of reckless driving in violation of § 14-222 (a),[8] the state must prove that the defendant operated a motor vehicle on any public highway of the state, or on certain roads, or in any parking area for ten cars or more or on any school property recklessly, having regard to the width of, traffic on and use of such highway, road, school property or parking area, the intersections of streets and the weather conditions. An individual violates § 14-222 (a) if she operates a motor vehicle on any such highway or road or in a parking area at such a rate of speed as to endanger the life of any person other than the operator of that motor vehicle.

As the state correctly points out, the two offenses previously discussed contain different elements. Reckless endangerment involves a risk of physical injury, and reckless driving involves endangering the life of another person. Reckless driving is limited to conduct solely involving the use of a motor vehicle. Reckless endangerment is not so limited. Because the two offenses contain different elements, "a conviction of one . . . is not inconsistent on its face with an acquittal on the other." (Internal quotation marks omitted.) Id., 245.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 53a-64 (a) provides: "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a risk of physical injury to another person."

[8] See footnote 4.