STATE OF CONNECTICUT *v.* MARSHA P.*
(AC 31137)

Gruendel, Beach and Dupont, Js.

---

Argued October 12, 2010—officially released February 15, 2011

*Norman A. Pattis*, with whom, on the brief, was *Kevin Murray Smith*, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Richard L. Palombo, Jr.*, senior assistant state's attorney, for the appellee (state).

BEACH, J. The defendant, Marsha P., appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (1).[1] The defendant claims that the court (1) erred by failing to give the jury a lesser included offense instruction, (2) committed plain error by denying her posttrial motion for a new trial and (3) erred in denying her motion for a judgment of acquittal on the basis of insufficient evidence. We affirm the judgment of the trial court.

The following facts, as reasonably found by the jury, and procedural history are relevant. On July 4, 2007, at approximately 8:30 p.m., the defendant was driving on Main Street in Stratford with her three children. J, age nine, was in the passenger seat; H, age seven, was in the backseat behind the defendant; and M, age six, was in the middle of the backseat. While driving in the left northbound lane at an intersection, the defendant stopped her vehicle at a red light. Also stopped at the red light were two cars in the right lane. Beyond the light, the right and left lanes merged into one lane and the lane veered right.

When the light turned green, the two vehicles in the right lane accelerated. The speed limit was forty miles per hour and the cars in the right lane were traveling at thirty-five to forty miles per hour. At first, the defendant did not move her vehicle, but then she accelerated

---

[1] The defendant was also charged with, but found not guilty of, two additional counts of risk of injury to a child in violation of § 53-21 (a) (1), two counts of manslaughter in the second degree with a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes (Rev. to 2007) § 53a-56b and three counts of assault in the second degree with a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes (Rev. to 2007) § 53a-60d. Although § 53-21 was amended by No. 07-143, § 4, of the 2007 Public Acts, those amendments have no bearing on the merits of this appeal. For convenience, we refer to the current revision of the statute.

her vehicle past the vehicles in the right lane and failed to merge. As the road curved, the defendant's vehicle continued straight and accelerated. The defendant's vehicle crossed the double yellow line into the southbound lane and struck an oncoming vehicle. M and J died as a result of the accident.

The defendant was charged with two counts of manslaughter in the second degree with a motor vehicle while under the influence of intoxicating liquor (with respect to M and J) in violation of General Statutes (Rev. to 2007) § 53a-56b, three counts of risk of injury to a child (with respect to M, J and H) in violation of § 53-21 (a) (1) and three counts of assault in the second degree with a motor vehicle while under the influence of intoxicating liquor (with respect to H and the occupants of the vehicle in the southbound lane) in violation of General Statutes (Rev. to 2007) § 53a-60d. After a jury trial, the defendant was found guilty of risk of injury with respect to M and was acquitted of the remaining counts. She was sentenced to five years incarceration, execution suspended, with five years probation and a fine of $5000.

I

The defendant first claims that the court erred by failing to instruct the jury that the motor vehicle infraction of General Statutes § 14-100a, concerning child safety in motor vehicles, was a lesser included offense of the crime of risk of injury to a child.[2] We are not persuaded.

---

[2] The defendant also claims that the court committed plain error by failing to instruct the jury on § 14-100a as a lesser included offense of risk of injury to a child. "Plain error review is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) State v. Myers, 290 Conn. 278, 287–88, 963 A.2d 11 (2009). This is not an extraordinary situation for which the application of the plain error doctrine is reserved.

With respect to the risk of injury charge regarding M, the state charged in its bill of particulars that the defendant committed risk of injury by operating her motor vehicle while under the influence of intoxicating liquor and by not having M properly restrained as required by § 14-100a.[3] Section 14-100a (d) (1) provides in relevant part: "Any person who transports a child six years of age and under or weighing less than sixty pounds, in a motor vehicle on the highways of this state shall provide and require the child to use a child restraint system approved pursuant to regulations adopted by the Department of Motor Vehicles in accordance with the provisions of chapter 54. . . ."

In her written request to charge, the defendant requested that the jury be instructed that to find her guilty of risk of injury, the jury must find that she either drove while intoxicated or failed to secure the children properly in seat belts or restraining devices. In a supplemental request to charge, the defendant stated: "The state elected in this case not to pursue [§] 14-100a, an infraction. *Because the offense is an infraction, the defendant does not have the right to request it as a lesser included offense for the jury's consideration.* Pivotal to the state's claim is that the defendant wilfully failed to assure her children were restrained. This mental state is considerably more culpable than mere negligence. The jury should be alerted that there is an infraction for which the defendant can be found guilty. The defendant cannot have committed the offense of

___

[3] The defendant argues that because the jury found her not guilty of all counts that relied solely on a theory of intoxication and found her guilty of only one count of risk of injury, the jury must have found her guilty of risk of injury under the theory that she had violated § 14-100a, rather than the theory of intoxication. The defendant's argument assumes that juries cannot return inconsistent verdicts, which is not the state of the law; see *State* v. *Arroyo*, 292 Conn. 558, 575–86, 973 A.2d 1254 (2009), cert. denied, 559 U.S. 911, 130 S. Ct. 1296, 175 L. Ed. 2d 1086 (2010). In light of the view we take of the case, however, we need not address this issue.

risk of injury to a minor without satisfying the elements of [§] 14-100a. But for the fact that the offense is an infraction, [§] 14-100a would be an appropriate lesser included offense under *State* v. *Whistnant* [179 Conn. 576, 583, 427 A.2d 414 (1980)]. It is fundamentally unfair and a violation of due process to permit the jury to labor under the assumption that [their] only choice in assessing the seat belt issue is a felony; lawmakers have created an infraction that arguably covers the conduct in question." (Emphasis added.)

At the charging conference, the court noted that its intended charge seemed to accomplish the same goal as the defendant's supplemental request and asked defense counsel to expand on his argument. Defense counsel explained that the defendant was not entitled to have a jury consider § 14-100a as a lesser included offense because a violation of that statute is an infraction for which the defendant is not entitled to a jury trial. Defense counsel argued that the jury, however, should know that there is an infraction that corresponds to the risk of injury counts so that it could be argued to the jury during closing arguments that the infraction does not require wilfulness or deliberate indifference, which risk of injury requires, and which, the defendant argues, the state failed to prove. Defense counsel then stated that while he had not found case law supporting the proposition that the defendant was entitled to a lesser included offense instruction on an infraction, "I would claim that I have that right as a matter of due process, anticipating the [trial court is] not willing to go where no court has ever gone before, I do believe the information is appropriate for the jury so that I can say to them during closing argument, I'm not asking you to forgive everything that you saw in this case, but I'm asking you to be mindful of . . . the fact that the state has charged a felony here. . . . That infraction is not before you . . . ." The court stated that it could

accomplish that purpose by adding language to the charge indicating that the jury would not be asked to decide whether the defendant violated § 14-100a, and that a violation of § 14-100a does not in and of itself satisfy the risk of injury statute because a conviction of risk of injury requires proof of additional elements. The court asked if counsel had any objections to its proposed charge, to which defense counsel responded: "I do not." After discussing the specifics of other instructions, the court asked counsel if they agreed that the instructions accurately reflected the law of the state and the elements of the offenses, to which defense counsel responded: "Alas, I do."

Following closing arguments and outside the presence of the jury, the court discussed with counsel the charge that it had drafted in response to defense counsel's supplemental request to charge. Defense counsel stated: "I . . . continue to believe that . . . an injustice has worked on my client by her not being able to have [§] 14-100a as a lesser included offense. So, I . . . don't abandon that claim."[4] Defense counsel added that "without abandoning the claim, I have no further objections to the charge."

With respect to the interplay between the risk of injury charge and § 14-100a, the court charged the jury that "the state has argued that the defendant placed [M], [J] and [H] . . . at risk of harm by driving while intoxicated. With respect to [J] and [M] . . . only, not [H] . . . the state also argues that she failed to properly secure or restrain them with seat belts or child restraining systems. As to this basis upon which the state relies, you are instructed that under Connecticut laws, specifically title 14, § 100a, an operator of a vehicle

---

[4] It is clear in context that defense counsel wistfully was expressing his precatory view that it would be more fair if the infraction could be charged as a lesser included offense. He was at the same time apparently agreeing that the current state of the law did not require the charge.

is required, for a child six years old or under, or one who weighs less than sixty pounds, to provide and require use of a child restraint system. For children between the ages of seven and sixteen who weigh over sixty pounds, the operator must require the use of either a child restraint system or the use of seat belts. If you find that the defendant violated these specific provisions under Connecticut law, that fact alone does not satisfy the elements of the . . . risk of injury charge. In this count, you are not being asked to render a verdict as to whether the defendant violated this provision of Connecticut law. It is, however, a factor you may consider in determining whether the state has met its burden of proof. In summary, the state must prove beyond a reasonable doubt that the defendant wilfully caused or permitted the minor to be placed in a situation inimical to the child's welfare; the situation endangered his or her life or limb; and, the minor was under sixteen years of age at the time. If you unanimously find that the state has proved beyond a reasonable doubt each of the elements of the crime of risk of injury to a minor, then you shall find the defendant guilty. On the other hand, if you unanimously find that the state has failed to prove beyond a reasonable doubt any of the elements, you shall find the defendant not guilty."

We set forth the relevant standard of review. "[T]here is no fundamental constitutional right to a jury instruction on every lesser included offense . . . . *State* v. *Whistnant*, [supra, 179 Conn. 583]. Rather, the right to such an instruction is purely a matter of our common law. A defendant is entitled to an instruction on a lesser [included] offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is

some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser. Id., 588.

"In considering whether the defendant has satisfied the requirements set forth in *State* v. *Whistnant*, supra, 179 Conn. 588, we view the evidence in the light most favorable to the defendant's request for a charge on the lesser included offense. . . . On appeal, an appellate court must reverse a trial court's failure to give the requested instruction if we cannot as a matter of law exclude [the] possibility that the defendant is guilty only of the lesser offense." (Internal quotation marks omitted.) *State* v. *Corbin*, 260 Conn. 730, 744–45, 799 A.2d 1056 (2002).

"It is well settled that . . . [a] proposed instruction on a lesser included offense constitutes an appropriate instruction for purposes of the first prong of *Whistnant* if it complies with Practice Book [§ 42-18]. . . . We previously . . . held, in the context of a written request to charge on a lesser included offense, [that the] requirement of [§ 42-18] is met only if the proposed request contains such a complete statement of the essential facts as would have justified the court in charging in the form requested." (Internal quotation marks omitted.) *State* v. *Jones*, 289 Conn. 742, 759, 961 A.2d 322 (2008); see also Practice Book § 42-18.[5] "While this court does

---

[5] Practice Book § 42-18 (a) provides: "When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. Requests to charge should not exceed fifteen in number unless, for good cause shown, the judicial authority permits the filing of an additional number. If the request is granted, the judicial authority shall apply the proposition of law to the facts of the case."

not favor unyielding adherence to rules of procedure where the interests of justice are thereby disserved . . . the ever increasing refinement of our law justifies cooperation of counsel in stating requests for jury instruction. The minor burden of cooperation imposed by [Practice Book § 42-18] is neither unreasonable nor novel." (Internal quotation marks omitted.) *State* v. *Corbin*, supra, 260 Conn. 747.

The defendant argues that all four prongs of *Whistnant* are satisfied. With respect to the first prong, she argues that although her request "did not comply with the letter of every Practice Book stricture, it substantially complied with its spirit adequately enough to inform the trial court of the legal basis for the charge, and the factual foundation as well, as is evidenced by the request itself and the extensive arguments held regarding it."

Even if we were to assume, without deciding, that an infraction can be considered a lesser included offense,[6] we conclude that the defendant's claim nevertheless fails under the first prong of *Whistnant*. The defendant's written requests to charge specifically and expressly did not request a lesser included offense instruction. The defendant's initial request to charge did not mention § 14-100a. In her supplemental request

---

[6] The defendant's argument that the language in her written request reflects the court's erroneous opinion that she was not entitled to the lesser included offense charge is unavailing. The record does not indicate that prior to the defendant's filing of her supplemental request to charge that the court was unwilling to give the lesser included offense instruction. It was the defendant who maintained that she was not entitled to such an instruction. When the defendant changed position and took an exception to the charge, the court at that time stated that to the extent that the defendant requested a lesser included offense instruction as to § 14-100a, such a request was denied.

We note that the question of whether in general an infraction may be considered a lesser included offense has not been definitively answered in this jurisdiction. See, e.g., *State* v. *Hancich*, 200 Conn. 615, 619, 513 A.2d 638 (1986); *State* v. *Rudd*, 62 Conn. App. 702, 705 n.5, 773 A.2d 370 (2001); *State* v. *Kluttz*, 9 Conn. App. 686, 699–701, 521 A.2d 178 (1987).

to charge, the defendant did not request a lesser included offense instruction as to § 14-100a but, rather, stated that she did not have the right to such a lesser included offense instruction, though she wished that she did. The defendant requested only that the court alert the jury to the existence of the infraction and that the additional element of intent was required. The court did so in its jury charge.

At the charging conference, the defendant persisted in her position that she was not entitled to a lesser included offense instruction as to § 14-100a. Defense counsel stated that the defendant was not entitled to a lesser included offense instruction as to § 14-100a because a violation of that statutory section was an infraction. Defense counsel noted that he had not found case law supporting the proposition that the defendant is entitled to a lesser included offense instruction on an infraction and that he did not anticipate that the court would be "willing to go where no court has ever gone before . . . ." Defense counsel argued that for fairness, the court should instruct the jury as to the existence of § 14-100a but should tell the jury that the question of whether § 14-100a was violated as a separate offense was not for its consideration. The court stated that it would add such language to its instruction, and defense counsel stated that he had no objection.

Despite having consistently taken the position that the defendant was not entitled to a lesser included offense instruction as to § 14-100a, after closing arguments and prior to the court's jury charge, defense counsel stated that he was not "abandoning" the defendant's claim that she was entitled to a lesser included offense instruction as to § 14-100a.

Defense counsel's last minute statement prior to the jury charge that he was not "abandoning" a claim that he had not previously made does not satisfy the first

prong of *Whistnant*. See *State* v. *Rudd*, 62 Conn. App. 702, 707, 773 A.2d 370 (2001) ("[w]e have further rejected the view that an in-court discussion of whether the [requested] charge was warranted, held immediately before the court's charge to the jury, is an acceptable alternative to the rules of practice" [internal quotation marks omitted]). Although detailed colloquies that adequately inform the court of the factual and legal bases for the instructional request accompanied by incomplete written requests in partial compliance with Practice Book § 42-18 can satisfy the first prong of *Whistnant*; see *State* v. *Smith*, 262 Conn. 453, 466, 815 A.2d 1216 (2003); such is not the case here. The supplemental request to charge fully informed the court that a lesser included offense instruction was not being pursued. Until defense counsel's last minute exception, which again did not assert the right for an instruction, he had maintained that the defendant was not entitled to a lesser included offense instruction as to § 14-100a. His last minute statement, in which he cited no case law, did not adequately inform the court or give the court cause to investigate the law. The "request" was made after counsel had argued to the jury and after the time customarily allowed for formal requests to be filed. Defense counsel's statement was at best confusing in that it was in response to a charge that he had requested and that was inconsistent with the position he had maintained until that time. In *State* v. *Corbin*, supra, 260 Conn. 747, our Supreme Court held that the defendant's request for a lesser included offense instruction did not satisfy the first prong of *Whistnant* because it was "confusing, which Practice Book § 42-18 seeks to prevent."

The defendant, however, argues that although her "request may be inartful, any nonconformity in the defendant's request should not be deemed fatal because, as in [*State* v. *Arena*, 235 Conn. 67, 77, 663

A.2d 972 (1995)], the defendant here labored to fashion an adequate request in an unsettled frontier of the law." In *Arena,* our Supreme Court held that the defendant's failure to cite specific authority in his request to charge, where it was unsettled whether the offense at issue was a lesser included offense of the charged crime, was not fatal. Id. In *Arena,* the defendant clearly and unequivocally asked for a lesser included offense instruction in his written request to charge. Id., 70. In the present case, unlike *Arena,* defense counsel failed to request a lesser included offense instruction as to § 14-100a at all and maintained until just prior to the court's charge to the jury that the defendant was not entitled to such an instruction. As stated previously in this opinion, defense counsel's last minute exception was not sufficient to satisfy the first prong of *Whistnant.*

## II

The defendant next claims that the court committed plain error by denying her posttrial motion for a new trial. We are not persuaded.

Our Supreme Court "recently clarified the two step framework under which [an appellate court] review[s] claims of plain error. First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the defendant simply to demonstrate that his position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . .

"In addition, although a clear and obvious mistake on the part of the trial court is a prerequisite for reversal

under the plain error doctrine, such a finding is not, without more, sufficient to warrant the application of the doctrine. Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust. . . . Only if both prongs of the analysis are satisfied can the appealing party obtain relief." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 205, 982 A.2d 620 (2009).

In her posttrial motion for a new trial, the defendant argued, inter alia, that she was deprived of her right to a jury charge on the lesser included offense of § 14-100a. In denying the motion, the court reasoned that, although it believed that such a lesser included offense instruction could properly be given, the defendant failed to satisfy, inter alia, the first prong of *Whistnant*.

The court's denial of the defendant's motion for a new trial did not constitute error. As we have stated previously in part I of this opinion, the defendant failed to satisfy the first prong of *Whistnant* and, thus, was not entitled to a lesser included offense instruction on § 14-100a. The defendant's claim does not present the type of extraordinary situation that warrants application of the plain error doctrine.[7]

### III

The defendant last claims that the court erred in denying her motion for a judgment of acquittal with respect to her conviction of risk of injury to a child based on insufficient evidence. We disagree.

---

[7] As stated in footnote 6 of this opinion, it is not plain that the failure of the court in this case to charge that an infraction can be a lesser included offense of risk of injury to a child is error at all, much less plain error.

"The standard of review [that] we [ordinarily] apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Cook*, 287 Conn. 237, 254, 947 A.2d 307, cert. denied, 555 U.S. 970, 129 S. Ct. 464, 172 L. Ed. 2d 328 (2008).

In its bill of particulars, the state charged that the defendant committed risk of injury to a child by, inter alia, not having her children properly restrained as required by § 14-100a. Section 14-100a (d) (1) provides in relevant part that "[a]ny person who transports a child six years of age and under or weighing less than sixty pounds, in a motor vehicle on the highways of this state shall provide and require the child to use a child restraint system approved pursuant to regulations adopted by the Department of Motor Vehicles in accordance with the provisions of chapter 54. . . ." The only element with which the defendant takes issue is that of an approved child restraint system. She argues that no evidence was elicited at trial as to what constitutes an approved child restraint system.

A child seven years of age or older and weighing sixty or more pounds is required to "use an approved child restraint system *or* . . . a seat safety belt. . . ."[8]

---

[8] General Statutes § 14-100a (d) (1) provides in relevant part that "[a]ny person who transports a child six years of age and under or weighing less than sixty pounds, in a motor vehicle on the highways of this state shall provide and require the child to use a child restraint system approved pursuant to regulations adopted by the Department of Motor Vehicles in accordance with the provisions of chapter 54. Any person who transports a child seven years of age or older and weighing sixty or more pounds, in a motor vehicle on the highways of this state shall either provide and require

(Emphasis added.) General Statutes § 14-100a (d) (1). The use of the word "or" in the statute when prescribing the safety requirements for children over seven years of age and weighing more than sixty pounds indicates that a seat safety belt is not the same as a child restraint system. Children under six years of age or weighing less than sixty pounds, such as M, are required under the statute to be secured using a child restraint system.

The evidence demonstrated that M was not using anything other than a lap belt. Joseph Rubin, who lived near the accident scene, pulled M from the burning car. Rubin testified that M was not in a child safety seat and was wearing only a lap belt. Medical testimony revealed that M's internal organs suffered fatal injuries as a result of her lap belt being above her abdomen instead of at her thighs. The jury reasonably could have determined that M was wearing only a lap belt. Under the statute, a lap belt was not sufficient.[9] The jury reasonably could have concluded that because the defendant secured M using only a lap belt, that M was not secured using an approved child restraint system.

The judgment is affirmed.

In this opinion the other judges concurred.

---

the child to use an approved child restraint system or require the child to use a seat safety belt. . . ."

[9] At oral argument, the defendant's attorney agreed, in response to questioning from the panel, that, given the language of § 14-100a, specifically, the use of the word "or," that an approved child restraint system is something other than merely a lap belt. The defendant argues, however, that M could have been restrained using a device that otherwise could have satisfied the

law. That argument fails because the evidence demonstrated that M was secured using only a lap belt.